# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

**BRENT MORRIS (ATTORNEY)**
**214 SECOND AVE NORTH**
**SUITE 3**
**NASHVILLE TN 37201**

| | | |
|---|---|---|
| **RON WASHINGTON** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v/s** | ) | **DOCKET NO-** |
| | ) | |
| | ) | **REQUEST FOR PRODUCTION** |
| **RIVERVIEW INN** | ) | |
| **Defendant** | ) | |

**TO: River view Inn**

Plaintiff Ron Washington request that Defendant Riverview Inn produce the following documents in connection with this matter. If objection is made , please state the reason for the objection . If denying the matter, please set forth in detail the reasons why the answer party cannot produce such documentation.

Please produce and provide the full name, address, email address and phone number for the staff members name Roxaane that work at the front desk and Jaymee that book renting space for Riverview Inn

Please produce full name, address, phone number, email address of Jaymee supervisor

Exhibit 1

Please produce and provide the full name, address, email address and phone number for "all" witness that the defendant has or plan to use

Please produce the email by Jaymee dated Dec 21, 2017 to plaintiff stating that "ALL" of the staff at Riverview Inn love the plaintiff's passion

Please produce the email that was sent to Ms. Kaleda Bentley on 29 Aug 2018 from the defendant lawyer to TNHRC

Please produce letter that was sent to Candice Bass on Sept 21, 2018 from the defendant Lawyer

Please produce a list of people/guest that the defendant/staff stated that the plaintiff came burging into the guest wedding/parties as it was stated during the TNHRC investigation by one of the defendant witness

Please produce email dated from any staff member to the plaintiff, or from any guest to staff members stating the plaintiff was playing excessively loud music

During the interview with TNHRC defendant witness/lawyer stated that the plaintiff was difficult, rude, threaten, hostile and was an issue of safety to the staff/guest, please produce email from Jaymee dated Dec 21, 2017 contradicting such statement. Please produce any and all emails sent to the plaintiff addressing this concern of his behavior, the safety concerns and the staff members being threaten in any way, also send any and all email sent from any staff members to their supervisor or to the owner of Riverview Inn addressing the above issues, each email should provide the senders name, who it was sent to, date and time of email.

During the THRC inqury there are emails from staff members that work at Riverview Inn about the plaintiff balance on his account, getting access to the room, please produce all email between staff members/owner or supervisor about the plaintiff behavior, him being a safety issue, the plaintiff being hostile, the plaintiff being a threat, etc email should include name of sender, to who email was sent, date and time it was sent.

Provide any and all negative emails sent to any staff/supervisor/owner about the plaintiff attitude, behavior, him being a safety issue, him being hostile, a threat, etc

Exhibit 1

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| RON WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:19-CV-00097 |
| | ) | |
| RIVERVIEW INN, | ) | Judge Crenshaw |
| | ) | |
| Defendant. | ) | Jury Demand |

---

## DEFENDANT RIVERVIEW INN'S RESPONSE TO
## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

---

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Riverview Inn ("Defendant"), by and through counsel, respectfully submits these objections and responses to the Plaintiff's Request for Production of Documents ("First Discovery Requests").:

### GENERAL OJECTIONS

1.    Privileged Materials.  Defendant objects to Plaintiff's discovery requests that (1) inquire as to communications between attorney and client made in confidence for the purpose of facilitating the rendition of professional legal services, or that are otherwise protected by the attorney-client privilege, (2) seek disclosures invasive of the mental impressions, conclusions, opinions or legal theories of Defendant's attorneys or other representatives of the Defendant assisting in trial preparation, or that are otherwise protected by the work product doctrine, or (3) seek information that is protected from disclosure under other applicable privileges.  By not specifically objecting to a discovery request on these grounds in a specific response, the Defendant does not waive any objection based upon these grounds.

**RESPONSE:** Objection. This request is actually an interrogatory, and Plaintiff has propounded more than 25 interrogatories. Subject to and without waiving such objection, Defendant identifies Roxanne Jordan. She may only be contacted through counsel for Riverview Inn.

      2.     Please produce full name, address, phone number, email address of Jaymee supervisor

**RESPONSE:** Objection. This request is actually an interrogatory, and Plaintiff has propounded more than 25 interrogatories. Subject to and without waiving such objection, Defendant identifies Ruby Magana. She may only be contacted via counsel for Riverview Inn.

      3.     Please produce and provide the full name, address, email address and phone number for "all" witness that the defendant has or plan to use

**RESPONSE:** Objection. This request is actually an interrogatory, and Plaintiff has propounded more than 25 interrogatories. Subject to and without waiving such objection, Defendant identifies Miles Barger, Alma Adams, Damien Cagle, Roxanne Jordan, Qaina Watson, Jaymee Vickrey, Leslie Capps, Ruby Magana, Charlsie Hand and Brandy Schnieder, who can all be contacted through Riverview Inn's attorney.

Jim Pottter is the Treasurer of Grace Bible Church, and their number is 931-647-1729.

Carl Pelt is the Pastor of Clarksville Church of God in Christ, and their number is 636-357-2922.

Riverview Inn reserves the right to call any witness identified by the Plaintiff.

Respectfully submitted, this 20th day of May, 2019.

/s/ Fred J. Bissinger
Fred J. Bissinger, BPR No. 19671
Brent A. Morris, BPR No. 24621
Wimberly Lawson Wright Daves & Jones, PLLC
214 Second Avenue, North, Suite 3
Nashville, Tennessee 37201
(615) 727-1000 (phone)
(615) 727-1001 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the foregoing Defendant Riverview Inn's Response to Plaintiff's Request for Production upon the pro se plaintiff, Ron Washington, at his home address of 1492 Mutual Drive, Clarksville, TN, 37042, via first class mail, postage prepaid, this 20th day of May, 2019.

/s/ Brent A. Morris
Brent A. Morris

19

Exhibit 2

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION


**BRENT MORRIS (ATTORNEY)**

**214 SECOND AVE NORTH**

**SUITE 3**

**NASHVILLE TN 37201**


| | | |
|---|---|---|
| **RON WASHINGTON** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v/s** | ) | **DOCKET NO-** |
| | ) | |
| | ) | **REQUEST FOR ADMISSIONS** |
| **RIVERVIEW INN** | ) | |
| **Defendant** | ) | |


**TO: River view Inn**

Plaintiff Ron Washington request that the defendant Riverview Inn have each named staff member below to admit or deny the following statement of law. If objection is made, please state the reason for the objection. If denying the matter, please set forth in detail the reason why the answering party cannot truthfully admit or deny the matter

Please return to plaintiff within 30 days of receiving the Request for Admission, date will start the next date after defendant has received the Request for Admission

**Owner/Defendant Lawyer**

EXHIBIT 3

Admit that during the initial complaint to TNHRC to the defendant responding with their Answer of the lawsuit the defendant provided at least FOUR different reason on why the plaintiff couldnt renew his contract with the defendant for space at Riverview Inn

**Charlsie Hand**

Admit that the defendant never informed the local authorities/police at all/ in any way that the plaintiff was a threat to staff members/guest, that the plaintiff was a safety issue, that the plaintiff was hostile to staff member and/or guest.

Admit that no staff member, owner never email the plaintiff about him being "a safety issue", "a threat" and "hostile", Or any negative behavior, etc

Admit that you were aware that the plaintiff felt that he had been discriminated against and was going to file a discrimination claim.
Admit that you did not contact the plaintiff about his allegations of being discriminated against.

Admit that you did not conduct an investigation about the above allegations.

Admit that you or a staff member associated with the defendant contact attorney Larry Rocconi about an issue that you had with the plaintiff

Admit that as of Dec 17, 2017 Restoration House of Praise/plaintiff did not owe Review Inn an outstanding balance for his rental space on the second floor.

Admit that you, a owner or a staff member at Riverview Inn contacted Attorney Larry A. Rocconi Jr about an incident with the plaintiff that lead to a cease and desist letter being issue without you even speaking to the plaintiff or conducting an investigation

Admit there has never been a EEOC complaint , TN Human Right Commission complaint, no type of civil rights violation or lawsuit against Riverview Inn before

Admit that there is a requirement that all employees within Riverview inn attend EEOC, harassment, discrimination, civil rights training

 Admit that the reason the plaintiff was not allowed to renew his contract with Riverview on the second floor was because the second floor was being renovated started 1 Jan 2018 and "no guest" had access to the second floor starting 1 Jan 2018

Admit that the reason why the plaintiff was not allowed to rent the Montgomery Room at Riverview Inn on or about 21-29 Dec 2017 was because a women group had already signed a contact with Riverview Inn in Nov 2017 for 6 months in advance

Exhibit 1

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| RON WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:19-CV-00097 |
| | ) | |
| RIVERVIEW INN, | ) | Judge Crenshaw |
| | ) | |
| Defendant. | ) | Jury Demand |

---

## DEFENDANT RIVERVIEW INN'S RESPONSE TO
## PLAINTIFF'S REQUEST FOR ADMISSIONS

---

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant, Riverview Inn ("Defendant"), by and through counsel, respectfully submits these objections and responses to the Plaintiff's Request for Admissions:

**Owner/Defendant Lawyer**

1.     Admit that during the initial complaint to TNHRC to the defendant responding with their Answer of the lawsuit the defendant provided at least FOUR different reason on why the plaintiff couldnt renew his contract with the defendant for space at Riverview Inn

**RESPONSE:** This request is vague, ambiguous and/or unintelligible, such that Defendant cannot respond thereto without guessing what Plaintiff means. Subject to and without waiving such objections, Defendant will respond based upon what it thinks the request might mean. Denied.

**Charlsie Hand**

Exhibit 4

**RESPONSE:** Denied.

11.   Admit that there is a requirement that all employees within Riverview inn attend EEOC, harassment, discrimination, civil rights training

**RESPONSE:** Denied.

12.   Admit that the reason the plaintiff was not allowed to renew his contract with Riverview on the second floor was because the second floor was being renovated started 1 Jan 2018 and "no guest" had access to the second floor starting 1 Jan 2018

**RESPONSE:** Denied.

13.   Admit that the reason why the plaintiff was not allowed to rent the Montgomery Room at Riverview Inn on or about 21-29 Dec 2017 was because a women group had already signed a contact with Riverview Inn in November 2017 for 6 months in advance

**RESPONSE:** Denied.

14.   Admit that the defendant responded to every complaint the plaintiff filed with the TN Human Right Commission through his complaint form, also admit that the defendant did submit their position statement to the TN Human Right Commission within the allocated 20 days after the impasse of meditation

**RESPONSE:** Denied.

ExhiBT 4

4

**RESPONSE:** Admitted, assuming that the purported women's group actually existed.

43.     Admit that you never call the plaintiff to inform him that the Women group never use the Montgomery Room

**RESPONSE:** Admitted, assuming that the purported women's group actually existed.

Respectfully submitted, this 17th day of May, 2019.

/s/ Brent A. Morris
Fred J. Bissinger, BPR No. 19671
Brent A. Morris, BPR No. 24621
Wimberly Lawson Wright Daves & Jones, PLLC
214 Second Avenue, North, Suite 3
Nashville, Tennessee 37201
(615) 727-1000 (phone)
(615) 727-1001 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have e-mailed a copy of the foregoing Defendant Riverview Inn's Response to Plaintiff's Request for Admissions upon the pro se plaintiff, Ron Washington, and mailed a copy to his home address of 1492 Mutual Drive, Clarksville, TN, 37042, via first class mail, postage prepaid, this 17th day of May, 2019.

/s/ Brent A. Morris
Brent A. Morris

Exhibit 4

12

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF TENNESSEE

# NASHVILLE DIVISION

| | | |
|---|---|---|
| **RON WASHINGTON** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v/s** | ) | **Civil Action No:3:19-cv-00097** |
| | ) | |
| | ) | |
| **RIVERVIEW INN** | ) | |
| **Defendant** | ) | |

## PLAINTIFF RON WASHINGTON STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.01. Plaintiff Ron Washington hereby files its separate, concise statement of material facts as to which Ron Washington contends there is no genuine issue for trial.

I.  **Plaintiff is a member of a protective class, the defendant is a place of public accommodation. Plaintiff was denied use of space in the above place of public accommodation because of his gender/sex, race and/or religion. ( See attached demonstrative evidence in the form of audio cd, exhibit 1)**

   1. On or around 21 Dec 2017, The Sales & Events Coordinator(Jaymee Vickrey) for the defendant stated that the defendant could not renew my contract for space in the above place of accommodation because the 2nd floor was being renovated.

booked their space before she knew that the 2nd floor was going to be renovated.

17. On or about 21-29 Dec 2017, Jaymee Vickrey stated that the women group was supposed to start 7 Jan 2018. The plaintiff asked Jaymee Vickrey if the women group did not do their events will she call him, she stated yes. The plaintiff wife was the woman that called Jaymee Vickrey, and his wife never signed a contract or paid anything. And Plaintiff never heard back from Jaymee Vickrey to book a space.

18. On or about 21-29 Dec 2017, Plaintiff asked Jaymee Vickrey if the women group was doing their event every Sunday, she stated "Yes". Jaymee Vickrey also stated that the women group signed their contract in Nov 2017.

19. On or around 21 Dec 2017, Jaymee Vickrey told the plaintiff that starting in Jan 2018, because of the renovacation on the 2nd floor guests will not have access to the 2nd floor.

20. On or about 16-18 Apr 2018 Carlisa Waddell called the above place of accommodation. She spoke with an employee Roxanne, Lisa Waddell asked to make a reservation for a room on the second floor because of her 89 yr old mother. Roxanne never stated to Lisa that the second floor was under renovations, neither she state that the second floor was inaccessible to guests. Lisa asked Roxanne how many floors they have in the hotel, Roxanne stated 7. Roxanne stated that the sleeping rooms in the hotel was from the second floor and up.

21. On or about 16-18 Apr 2018 Carlisa Waddell asked Roxanne do you have rooms available on the 2nd floor, again Roxanne never said that the second floor was inaccessible to guests, or that they were doing renovocation on the second floor. Yet, Roxanne asked what time frame.Lisa attempted to make a reservation for a room on the second floor, but Roxanne stated that their rooms on the second floor were full because they only have three rooms on that floor.

**II      Based on the above evidence plaintiff argues that the defendant was negligence because they, intentionally, grossly, willfully, deliberately, consciously, egregiously, maliciously, recklessly treated the plaintiff with disparate treatment because of his race, gender/sex and/or religion. Also the defendant violated the plaintiff civil rights equality, he was denied full and equal enjoyment of services of the above place of public accommodation that was extended to others, but he was denied.**

22. The plaintiff was not offered access to the above place of public accommodation(access to the second floor meeting room), but others were allowed access on the second floor.

23. The Plaintiff was told that the defendant had no room/space to rent, yet the defendant offered space to "a women" group. The plaintiff was told by Jaymee Vickrey on/around 21 Dec 2017 that the Montgomery Room was rented and on a 3 month trial run, yet after that she offered the same room to his wife.

EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **RON WASHINGTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:19-CV-00097** |
| | ) | |
| **RIVERVIEW INN,** | ) | **Judge Crenshaw** |
| | ) | |
| **Defendant.** | ) | **Jury Demand** |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**STATEMENT OF THE MATERIAL FACTS AS TO WHICH**
**PLAINTIFF CONTENDS THERE IS NO GENUINE ISSUE, AND**
**DEFENDANT'S STATEMENT OF ADDITIONAL FACTS THAT**
**DEFENDANT CONTENDS ARE MATERIAL AND AS TO WHICH**
**THERE EXISTS A GENUINE ISSUE TO BE TRIED, IF THERE IS A TRIAL**

Defendant, Riverview Hotel, Inc. d/b/a/ Riverview Inn, ("Riverview" or "Defendant"), pursuant to LR 56.01(c), submits this response to the statement of undisputed material facts in support of Plaintiff's motion for summary judgment [Doc. 28]. In addition, Defendant is submitting a statement of additional facts that Defendant contends are material and as to which there exists a genuine issue to be tried, if the Court does not grant Defendant summary judgment and should there be a trial.

<u>General Objections</u>

1.    Plaintiff has not complied with LR 56.01 by setting forth each fact in a separate, numbered paragraph.

2.    Plaintiff has not complied with LR 56.01 by supporting each fact by specific citation to the record.

Exhibit 6

recklessly treated the plaintiff with disparate treatment because of his race, gender/sex and/or religion. Also the defendant violated the plaintiff civil rights equality, he was denied full and equal enjoyment of services of the above place of public accommodation that was extended to others, but he was denied.

Response: These are legal conclusions, not facts. Plaintiff has not supported these assertions by specific citations to the record. Disputed that Defendant owed a legal duty of care and could be negligent in the area of leasing space to Plaintiff. Disputed that Defendant or its agents treated Plaintiff with disparate treatment because of his race, gender/sex and/or religion. Disputed that Defendant violated Plaintiff's civil rights or denied Plaintiff full and equal enjoyment of services at the Inn for any unlawful purpose or based on any unlawful motivation.

> 22. The plaintiff was not offered access to the above place of public accommodation(access to the second floor meeting room), but others were allowed access on the second floor.

Response: Disputed. Defendant offered Plaintiff access to the Inn for purposes of holding religious services from October 2017 to December 2017, with knowledge of his race, religion and sex/gender. As a result of Plaintiff's behavior and conduct during that lease period, Defendant decided not to renew Plaintiff's lease for space. See declarations being submitted with Defendant's opposition to Plaintiff's motion for summary judgment. <u>Undisputed that some others, including members of Plaintiff's race, religion and sex/gender, who did not engage in such behavior and conduct, were allowed access to the second floor.</u>

> 23. The Plaintiff was told that the defendant had no room/space to rent, yet the defendant offered space to "a women" group. The plaintiff was told by Jaymee Vickrey on/around 21 Dec 2017 that the Montgomery Room was rented and on a 3 month trial run, yet after that she offered the same room to his wife.

Response: Defendant was not privy to any such conversations between Ms. Vickrey and Plaintiff and his wife and Defendant lacks knowledge sufficient to dispute or not dispute the above assertions. Defendant acknowledges that a collective decision was made among Defendant's staff to provide untrue reasons about space availability to Plaintiff. If these allegations are true, it appears that Plaintiff's wife attempted to deceive Ms. Vickrey about the existence of a "women's group" seeking space at the Inn.

> III. The Plaintiff argues that the defendant discriminated against him through pretext. The defendant showed negligence because they used a false reason/implausible business justification (2nd floor being renovated) on why the plaintiff could not renew his contract for the meeting room on the second floor.

Response: These are legal conclusions, not facts. Plaintiff has not supported these assertions by specific citations to the record. Disputed that Defendant owed a legal duty of care and could be negligent in the area of leasing space to Plaintiff. Disputed that Defendant discriminated against Plaintiff on the basis of his race, religion or sex/gender. Defendant acknowledges that a

7

Exhibit 6

Respectfully submitted this the 12th day of May, 2020.

/s/ Brent A. Morris
Fred J. Bissinger, BPR No. 19671
Brent A. Morris, BPR No. 24621
Wimberly Lawson Wright Daves & Jones, PLLC
214 Second Avenue, North, Suite 3
Nashville, Tennessee 37201
(615) 727-1000 (phone)
(615) 727-1001 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have E-mailed a copy of the foregoing Defendant's Response to Plaintiff's Statement of the Material Facts as to Which Plaintiff Contends There Is No Genuine Issue, and Defendant's Statement of Additional Facts That Defendant Contends Are Material and as to Which There Exists a Genuine Issue to Be Tried, If There Is a Trial upon the pro se plaintiff, at his E-mail address on this 12th day of May, 2020, and will mail a copy to him at his home address of 1492 Mutual Drive, Clarksville, TN 37042, via first class mail, postage prepaid, on the 13th day of May, 2020.

/s/ Brent A. Morris
Brent Morris

Exhibit 6

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

**BRENT MORRIS (ATTORNEY)**
**214 SECOND AVE NORTH**
**SUITE 3**
**NASHVILLE TN 37201**

| | | |
|---|---|---|
| **RON WASHINGTON** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v/s** | ) | **DOCKET NO-** |
| | ) | |
| | ) | **REQUEST FOR PRODUCTION** |
| **RIVERVIEW INN** | ) | |
| **Defendant** | ) | |

**TO: River view Inn**

Plaintiff Ron Washington request that Defendant Riverview Inn produce the following documents in connection with this matter. If objection is made , please state the reason for the objection . If denying the matter, please set forth in detail the reasons why the answer party cannot produce such documentation.

Please produce and provide  the full name, address, email address  and phone number for the staff members name Roxaane  that work at the front desk and Jaymee that book renting space for Riverview Inn

Please produce full name, address, phone number, email address of Jaymee supervisor

Exhibit I

Please produce and provide the name, address, phone number, email address of the point of contact for the women group that signed the contract with Riverview Inn for the above time & frame to secure the meeting space for the women group starting 7 Jan 2018

Please produce a copy of Riverview Inn bank statement that shows that the above women group check was deposit and or cashed into its bank account, or show proof that the women group check was cashed by Riverview Inn

Please produce a copy of River view inn policy on discrimination, once they have become aware that a guest has file a discrimination case, or the guest has been discriminated against by a staff or employee

Please produce "all" documentation that was sent to the plaintiff prior to the letter sent from the defendant attorney dated 2 Jan 2018, that supports such accusation that is listed on the previous mention letter from the attorney dated 2 Jan 2018, also produce the name, address, phone number and email address and all supporting evidence of all employees, clients who was harassed by the plaintiff as stated in the lawyer from the defendant attorney dated Jan 2, 2018

Please produce and provide copy of "all" email traffic, email conversation from Jaymee of Riverview Inn and the point of contract of the women group, from the initial email conversation to the final email showing contract signed and dated, showing that the women group had secured a renting space with Riverview Inn

Produce and provide copy (bank statement) showing that the women group check was deposit and or cashed in Nov 2017

Produce and provide copy of full name, address, phone number, email address of all employees and clients that the plaintiff was harassing as stated in the Cease and desist letter dated 2 Jan 2018

✱ Please produce a copy of "all" hotel rooms rented out to guest from 1 Jan 2018-30 Sept 2018, please break down by name, dates, floors of each room that was rented, checkin/ out time

Please produce a copy of the renovation plans( name of contractors, contracts, blueprints) for the second floor of Riverview Inn, which "was suppose" to started 1 Jan 2018

Exhibit 7

Please produce a list and copy of "all" contractors and contracts that are/was during the renovation for the second floor of the Riverview Inn starting 1 Jan 2018, please provide their names, email address, phone numbers, addresses, and point of contacts

Please produce and provide copy of invoices, bank statements, bank loan, checks, contracts, etc to show that renovation for the second floor in Riverview Inn has begin (Jan 2018)and contractors are getting/being paid



Please produce and provide a list of "all" African American men that is working or has worked for Riverview Inn within the last 7-10 years, please provide their names, addresses, phone numbers, email address

Please produce a copy of all signed contracts/documents/agreements by each contractor and Riverview Inn showing that renovaction was planned prior to 1 Jan 2018 and will begin on 1 Jan 2018

Please produce a copy of "all" EEOC complaints, TN Human Rights Commission complaints and lawsuits ever been against Riverview Inn

Please produce a copy of all discrimination, harassment, civil rights, EEOC TN Human Rights training that has occurred in Riverview Inn in the last 5 years, please include sign in rosters(who attended, names printed), dates of training, who conducted the training, what type of training was conducted

Please produce the electronic, online invoice or transaction if the women group paid for the 6 month of renting space for the Montgomery Room with a debit or credit card

Please produce the name, address, phone number and email address of the point of contact for the person that had rented the Montgomery Room on a trial run during the time of 21-29 Dec 2017 which Jaymee stated was on a trial run that was why the plaintiff could not attend the room before the Women Group signed

Please produce a copy of the signed and dated contract showing that the Montgomery room was on a trial run during the time of 21-29 Dec 2017

Exhibit 7

Please produce a copy of the investigation showing that defendant contacted the plaintiff during the investigation of the allegations of discrimination

Please produced all requests mention above and below within 30 days of receiving the Request for Production, date will start the next day after Request for Production has been received

Please produce the reason the plaintiff was not allowed to rent out the meeting space in the Montgomery Room and also why the meeting space on the second floor was not renewed for another contract with the defendant

Please produce all income of the defendant for the last six years including but not limited to interest, dividends, investments please state amount received each year

Please produce the current market value of the defendant hotel

Please produce the name of the defendant financial institution, the account number and the current market value of the defendant investments, including but not limited to checking account, savings account, mutual funds, IRAs, Certificates of Deposit, stocks and bonds, any other investment holdings

Please produce any business the defendant has an interest in

Please produce a list of all dispositions and transfer made by the defendant in the last 36 months of stocks, bonds, real property and other assets of value of $500 or more for each transfer, the specific asset transferred, the names of the purchases or donors, the amount of money or other consideration received by you for each transfer, and the date of each and every transfer

Please produce all property that is considered to be the defendants and for each piece or article of property give the nature, location, date acquired, value at the date of the acquisition, present value, all details as to any encumbrances on said property, details as to how the property was acquired, date and amount of income from that property since you acquired it

Exhibit I

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| RON WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:19-CV-00097 |
| | ) | |
| RIVERVIEW INN, | ) | Judge Crenshaw |
| | ) | |
| Defendant. | ) | Jury Demand |

---

## DEFENDANT RIVERVIEW INN'S RESPONSE TO
## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

---

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Riverview Inn ("Defendant"), by and through counsel, respectfully submits these objections and responses to the Plaintiff's Request for Production of Documents ("First Discovery Requests").:

### GENERAL OJECTIONS

1.      Privileged Materials. Defendant objects to Plaintiff's discovery requests that (1) inquire as to communications between attorney and client made in confidence for the purpose of facilitating the rendition of professional legal services, or that are otherwise protected by the attorney-client privilege, (2) seek disclosures invasive of the mental impressions, conclusions, opinions or legal theories of Defendant's attorneys or other representatives of the Defendant assisting in trial preparation, or that are otherwise protected by the work product doctrine, or (3) seek information that is protected from disclosure under other applicable privileges. By not specifically objecting to a discovery request on these grounds in a specific response, the Defendant does not waive any objection based upon these grounds.

*Exhibit 9*

29.    Produce and provide copy of full name, address, phone number, email address of all employees and clients that the plaintiff was harassing as stated in the Cease and desist letter dated 2 Jan 2018

**RESPONSE:** See generally response to request for production #3.



30.    Please produce a copy of "all" hotel rooms rented out to guest from 1 Jan 2018-30 Sept 2018, please break down by name, dates, floors of each room that was rented, checkin/ out time

**RESPONSE:** Riverview Inn objects to this request as it is overly broad, vague, overly burdensome and not reasonably calculated to lead to the discovery of relevant information.


31.    Please produce a copy of the renovation plans( name of contractors, contracts, blueprints) for the second floor of Riverview Inn, which "was suppose" to started 1 Jan 2018

**RESPONSE:** No documents in Defendant's possession, custody or control are responsive to this request.


32.    Please produce a list and copy of "all" contractors and contracts that are/was during the renovation for the second floor of the Riverview Inn starting 1 Jan 2018, please provide their names, email address, phone numbers, addresses, and point of contacts

**RESPONSE:** No documents in Defendant's possession, custody or control are responsive to this request.


Exhibit 9

33.     Please produce and provide copy of invoices, bank statements, bank loan, checks, contracts, etc to show that renovation for the second floor in Riverview Inn has begin (Jan 2018)and contractors are getting/being paid

**RESPONSE:** No documents in Defendant's possession, custody or control are responsive to this request.


34.     Please produce and provide a list of "all" African American men that is working or has worked for Riverview Inn within the last 7-10 years, please provide their names, addresses, phone numbers, email address

**RESPONSE:** Defendant objects to this request as it does not maintain a document with this information, nor is it required to create one in response to a Rule 34 request. Defendant also objects on grounds of relevance, as employment of individuals is different than leasing space to individuals.


35.     Please produce a copy of all signed contracts/documents/agreements by each contractor and Riverview Inn showing that renovation was planned prior to 1 Jan 2018 and will begin on 1 Jan 2018

**RESPONSE:** No documents in Defendant's possession, custody or control are responsive to this request.


36.     Please produce a copy of "all" EEOC complaints, TN Human Rights Commission complaints and lawsuits ever been again Riverview Inn

Exhibit 9

40.     Please produce a copy of the signed and dated contract showing that the Montgomery room was on a trial run during the time of 21-29 Dec 2017

**RESPONSE:** No documents in Defendant's possession, custody or control are responsive to this request.

41.     Please produce a copy of the investigation showing that defendant contacted the plaintiff during the investigation of the allegations of discrimination

**RESPONSE:** No documents in Defendant's possession, custody or control are responsive to this request.

42.     Please produced all requests mention above and below within 30 days of receiving the Request for Production, date will start the next day after the Request for Production has been received

**RESPONSE:** No documents in Defendant's possession, custody or control are responsive to this request.

43.     Please produce the reason the plaintiff was not allowed to rent out the meeting space in the Montgomery Room and also why the meeting space on the second floor was not renewed for another contract with the defendant

**RESPONSE:** Defendant objects that this is not a proper Rule 34 request, which is limited to the production of documents and things. Defendant is not required to produce a "reason". If this request is an interrogatory, Defendant objects on the basis that Plaintiff has propounded more than 25 interrogatories.

Exhibit 9

Respectfully submitted, this 20th day of May, 2019.

 /s/ Fred J. Bissinger
Fred J. Bissinger, BPR No. 19671
Brent A. Morris, BPR No. 24621
Wimberly Lawson Wright Daves & Jones, PLLC
214 Second Avenue, North, Suite 3
Nashville, Tennessee 37201
(615) 727-1000 (phone)
(615) 727-1001 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have mailed a copy of the foregoing Defendant Riverview Inn's Response to Plaintiff's Request for Production upon the pro se plaintiff, Ron Washington, at his home address of 1492 Mutual Drive, Clarksville, TN, 37042, via first class mail, postage prepaid, this 20th day of May, 2019.

 /s/ Brent A. Morris
Brent A. Morris

Exhibit 9

19

::: Outlook     🔍 Search        Ⓢ 🗐 ⚙ ❓ ↩ RW

☰   New message     ↩ Reply ∨   🗑 Delete   🗄 Archive   ▭ Move to ∨   ⬦ Categorize ∨   ⋯     ↑ ↓ ✕

∨ Folders

🔔 Inbox       17863
⊘ Junk Email      151
✏ Drafts       55
▷ Sent Items
🗑 Deleted Items     1
🗄 Archive
▢ Notes
    Conversation Hist...
    New folder

∨ Groups

    New group

## Re: Filed Reply

**RW**   Ron Washington   ✖       ↩ ↩↩ → ⋯
    Sat 5/16/2020 6:19 PM
    To: Brent Morris

Mr. Morris,

Please note that I am requesting information that your defendant failed to provide during discovery. On my request for production. I asked the defendant to produce a copy of all hotel rooms rented out to guest from 1 Jan 2018-Sept 2018, please break down by name, dates , floors of each room that was rented, check in/out times.
 I didnt receive that information, Please provide this requested information NLT 19 May 2020, if the information is not provided I will motion the court for motion to compel discovery.

Thanks

Sent from Outlook

---

**From:** Brent Morris <bmorris@wimberlylawson.com>
**Sent:** Tuesday, May 12, 2020 11:37 PM
**To:** Jennifer Maxey <jmaxey@wimberlylawson.com>; Ron Washington <RHOPMinistry@hotmail.com>; misswashington30@hotmail.com <misswashington30@hotmail.com>
**Subject:** RE: Filed Reply

Pastor Washington,

Please see attached the responses we filed today.  A paper copy will come as well.  Thank you.

---

**From:** Jennifer Maxey <jmaxey@wimberlylawson.com>
**Sent:** Wednesday, April 29, 2020 10:45 AM
**To:** Ron Washington <RHOPMinistry@hotmail.com>; misswashington30@hotmail.com
**Cc:** Brent Morris <bmorris@wimberlylawson.com>
**Subject:** Filed Reply

Pastor Washington,

Please find attached the Reply that was filed today.    A hard copy has been mailed to you as well.

Thanks,
Jennifer

Jennifer Maxey
Paralegal to Fredrick J. Bissinger
& Brent A. Morris

**Wimberly Lawson**
Wright Daves & Jones, PLLC

214 Second Avenue North
Suite 3
Nashville, Tennessee  37201
Phone:  (615) 727-1000
Fax:    (615) 727-1001
www.wimberlylawson.com

*Exhibit 10*

Law Firm Wimberly Lawson Wright Daves & Jones, PLLC Attorneys Knoxville, Tennessee Lawyers

--> I. HUMAN RESOURCES HR Compliance Audits Employee Handbooks Wage and Hour Issues - Wimberly Lawson Wright Daves & Jones, PLLC Knoxville, Tennessee

↩ Reply   ⌄      🗑 Delete    ⊘ Junk    Block    ⋯

## Re: Notices of Deposition

RW  **Ron Washington**                                    ↩   ≪   →   ⋯
    Mon 5/18/2020 5:59 PM
    **To:** Brent Morris

Mr. Morris,

I am sure that Riverview Inn has a list of their current employees address and phone numbers, can you please provide accurate information during discovery. The defendant called them as witness so I expect the defendant to have their information. If their information is not correct, I will Motion the court to compel Discovery to get the correct information for the witness, according to the cease and dease letter from your client, I am not allowed to contact any of their employees, staff or guest, I will not violate that order. If witness cant be reached we can agree on an extension from the court to contact all witness in this case.

 I will let you know times for Charlsie Hand and Ruby Magana depositions. Thanks for looking into the emails, Please provide the list of rooms that was rented on the 2nd floor and banquet room, per the break down ASAP.

I am not sure about 'producing" Cheryl, but if you are referring to her attending the deposition yes she will be there. I believe that the deadline for the deposition is 1 June 2020, so how will this be in according to the judge order. We prefer to conduct the deposition at a remote place, to protect our health, and minimize the risk of exposure since we both are high risk for COVID 19.

Thanks

Sent from Outlook

---

**From:** Brent Morris <bmorris@wimberlylawson.com>
**Sent:** Monday, May 18, 2020 4:36 PM
**To:** Ron Washington <RHOPMinistry@hotmail.com>; misswashington30@hotmail.com <misswashington30@hotmail.com>
**Cc:** Jennifer Maxey <jmaxey@wimberlylawson.com>; Fred Bissinger <fbissinger@wimberlylawson.com>
**Subject:** Notices of Deposition

Pastor Washington,

I am in receipt of several emails over the weekend. Let me address them in turn.

#1 – As to your request to provide contact information for the potential witnesses in our discovery responses, we will provide the last known address and phone number of the witnesses. Because the hotel is closed at this time, it is believed that all the witness employees other than Ruby Magana currently have other jobs. You will need to notice them for depositions on your own. I can accept

https://outlook.live.com/mail/0/deeplink?version=2020051702.05&popoutv2=1&leanbootstrap=1                1/1

Outlook          🔍 Search                                                          ⬧  ⬧  ⬧  ?  ⤴  RW

☰  New message          ↩ Reply  ⌄  🗑 Delete  ▣ Archive  ⊟ Move to ⌄  ⬧ Categorize ⌄  ⋯        ↑  ↓  ✕

⌄ Folders                     **Re: More items to review**

🔔 Inbox           17863      RW   Ron Washington                                              ↩  ↩↩  →  ⋯
                                   Wed 5/20/2020 11:49 AM  ✕
🚫 Junk Email        151           To: Brent Morris

✏️ Drafts             55           Mr. Morris,

▷ Sent Items                       In number 30 of my request for production. I specifically asked your defendant " Please produce a copy
                                   of all hotel rooms rented out to guest from 1 Jan 2018-30 Sept 2018, please break down by name,
🗑 Deleted Items       1           dates, floor of each room that rented, checkin/out time". This also includes all three  accessible room
                                   on the 2nd floor that your defendant issues out to guest. This information is relevant to the case, if you
🗂 Archive                         do not want to cooperate I will submit a motion to the court asking the court to compel your defendant
                                   to produce the documents.
🗒 Notes
                                   Thanks for the reply email from Ruby Magana, however I have yet to get the reply from  Qaina Watson
   Conversation Hist…              in response to the email Jaymee Vickrey sent out on Dec 19, 2017 at 11:08 This information is relevant
                                   to the case, if you do not want to cooperate I will submit a motion to the court asking the court to
   New folder                      compel your defendant to produce the documents.  No I do not want you to sign my name, you can
                                   submit a reply stating that you agree or I can print it off,  sign it and scan back to you if you like. Please
⌄ Groups                           advise which you would like to do.

   New group                       I have acknowledge that you agree to the remote deposition I am waiting on the approval from the
                                   courts , I am in the process of working  on the Notice of Deposition for Ruby Magana and Charlsie
                                   Hand,  I will be sending you the exhibits to each of them before their remote deposition. Can you
                                   please ensure that they receive them prior to their depositions.

                                   I am requesting that the court report is the host of your remote deposition. You stated you can reserve
                                   16-18 June to attend any deposition.  I am sure you are referring to you and the defendant witness will
                                   be in two different places,

                                   Deposing Charlie and Ruby is acknowledge and I am aware that you stated I have to send notice to the
                                   other witness. I am working to have Ruby and Charlie deposed some time next week, will that work for
                                   you. Waiting for the approval from the court and conformation from a court reporter.

                                   Thanks

                                   Sent from Outlook

                                   ────────────────────────────────────────────

                                   **From:** Brent Morris <bmorris@wimberlylawson.com>
                                   **Sent:** Tuesday, May 19, 2020 7:23 PM
                                   **To:** Ron Washington <rhopministry@hotmail.com>
                                   **Cc:** Fred Bissinger <fbissinger@wimberlylawson.com>; Jennifer Maxey <jmaxey@wimberlylawson.com>
                                   **Subject:** More items to review

                                   Pastor Washington,

                                   I have a few issues to discuss with you.

                                   #1 – As to your request to double check the email responses on Dec 17-19, I attach the following email from
                                   Ruby Magana.

                                   #2 – As to your request to provide information on all rented rooms in 2018, we have objected to that.  However,
                                   in the spirit of cooperation, I attach a list of events and rooms for Sundays in 2018, as those are potentially
                                   relevant to your claims.

                                   #3 – I see that you have filed a motion to amend the scheduling order.  We are fine with your proposal.  I attach a
                                   joint motion for a scheduling order with the dates you have proposed.  This will make it easier for the Court to
                                   see that we are in agreement.  Please let me know if we can sign your name and we will handle filing.

                                   #4 – I also see that you have requested remote depositions due to your health concerns.  We are also ok with
                                   that request.  We will keep the June 1 date that has been noticed for you and your wife but will have it set up for
                                   remote depositions. Obviously given your request, all depositions in this matter will be taken remotely. I can

⠿ Outlook              🔍 Search                                                  Ⓢ  🗐  ⚙  ?  ↪  RW

☰  New message          ↩ Reply ∨  🗑 Delete  🗄 Archive  🗐 Move to ∨  🏷 Categorize ∨  ⋯          ↑  ↓  ✕

| Folders | |
| --- | --- |
| Inbox | 17863 |
| Junk Email | 151 |
| Drafts | 55 |
| Sent Items | |
| Deleted Items | 1 |
| Archive | |
| Notes | |
| Conversation Hist… | |
| New folder | |
| Groups | |
| New group | |

**Re: More items to review**

RW   **Ron Washington**
     Wed 5/20/2020 11:54 AM  ✏
     **To:** Brent Morris

Mr. Morris,

I am sure you received a few of my invoices from your client, which appears on their letter head, when submitting all rooms break down from your client, please ensure it looks like that. I would like to ensure the authenticity of the documents submitted

Thanks

Sent from Outlook

---

**From:** Brent Morris <bmorris@wimberlylawson.com>
**Sent:** Tuesday, May 19, 2020 7:23 PM
**To:** Ron Washington <rhopministry@hotmail.com>
**Cc:** Fred Bissinger <fbissinger@wimberlylawson.com>; Jennifer Maxey <jmaxey@wimberlylawson.com>
**Subject:** More items to review

Pastor Washington,

I have a few issues to discuss with you.

#1 – As to your request to double check the email responses on Dec 17-19, I attach the following email from Ruby Magana.

#2 – As to your request to provide information on all rented rooms in 2018, we have objected to that. However, in the spirit of cooperation, I attach a list of events and rooms for Sundays in 2018, as those are potentially relevant to your claims.

#3 – I see that you have filed a motion to amend the scheduling order. We are fine with your proposal. I attach a joint motion for a scheduling order with the dates you have proposed. This will make it easier for the Court to see that we are in agreement. Please let me know if we can sign your name and we will handle filing.

#4 – I also see that you have requested remote depositions due to your health concerns. We are also ok with that request. We will keep the June 1 date that has been noticed for you and your wife but will have it set up for remote depositions. Obviously given your request, all depositions in this matter will be taken remotely. I can reserve June 16-18 to attend any deposition you would like in this case. As stated before, we can produce Charlsie and Ruby but you will need to notice any other deponents.

Happy to discuss further.

**Brent A. Morris, *Attorney***

**Wimberly Lawson**
Wright Daves & Jones, PLLC
*Attorneys & Counselors at Law*

214 Second Avenue North
Suite 3
Nashville, TN 37201
Phone: 615.727.1000
Fax: 615.727.1001
**www.wimberlylawson.com**

## Re: Notices of Deposition

**RW**   Ron Washington
     Thu 5/21/2020 10:50 PM
     **To:** Brent Morris

Mr. Morris,

I am following up with you on the requested information that I sent you about the rooms on the second floor. I stated I was giving you til 19th May, it is now two days over. This serves as a "good faith" attempt to get that request information from you. If I do not have the information by noon tomorrow I will be forced to file a Motion to Compel Discovery

Thanks

Sent from Outlook

---

**From:** Brent Morris <bmorris@wimberlylawson.com>
**Sent:** Wednesday, May 20, 2020 9:37 PM
**To:** Ron Washington <rhopministry@hotmail.com>
**Subject:** Re: Notices of Deposition

I'm no good next week which is why I joined the motion to extend. The time was too tight. I would be surprised if she doesn't grant it quickly. They tend to be fine with joint motions like that so long as it doesn't mess with the trial date. We should be fine.

Get Outlook for Android

---

**From:** Ron Washington <rhopministry@hotmail.com>
**Sent:** Wednesday, May 20, 2020 9:33:48 PM
**To:** Brent Morris <bmorris@wimberlylawson.com>
**Subject:** Re: Notices of Deposition

Mr. Morris,

Got an email this evening from your office, I see that the joint motion was filed- Not sure how long it will take before the judge sees it. I have not got anything back from the judge about an approval of the remote deposition. What are your thought about planning an attentive deposition for Ruby and Charlise. Dont want to not plan and the judge dont approve them, what are your thoughts and would 27, 28,29 May work for you, or do you see them both getting approved before than by the judge.

Thanks

Sent from Outlook

---

**From:** Brent Morris <bmorris@wimberlylawson.com>
**Sent:** Wednesday, May 20, 2020 8:55 PM
**To:** Ron Washington <rhopministry@hotmail.com>
**Subject:** Re: Notices of Deposition

No. It is (well, should be) just the word version of what we already submitted. That way it's easier for your to type your responses into our additional facts, assuming you want to do so. If anything is different tell me and I'll fix it.

Get Outlook for Android

---

**From:** Ron Washington <rhopministry@hotmail.com>
**Sent:** Wednesday, May 20, 2020 8:52:49 PM
**To:** Brent Morris <bmorris@wimberlylawson.com>
**Subject:** Re: Notices of Deposition

Outlook                    🔍 Search                                                    ⊛ ☑ ⚙ ? ⬈² RW

☰  New message          ↩ Reply ⌄    🗑 Delete    🗂 Archive    ▭ Move to ⌄    ✎ Categorize ⌄    ⋯          ↑ ↓ ✕

∨ Folders                          **Re: Notices of Deposition**

🏠 Inbox            17863          RW    **Ron Washington**                                           ↩ ↩↩ → ⋯
                                        Fri 5/22/2020 4:06 PM
🚫 Junk Email         151               **To:** Brent Morris

✏ Drafts              55               Mr. Morris,

▷ Sent Items                           Please listen to the audio cd that I sent you in the mail. Your defendant witness Jaymee Vickrey, stated
                                        that "no guest" will have  access to the second floor. So any guest that went on the second floor/ or
🗑 Deleted Items        1               allowed on the second floor  is relevant to this discrimination lawsuit.

🗄 Archive                              Thanks

▢ Notes                                Sent from Outlook

   Conversation Hist…
                                        ────────────────────────────────────────────────────────
   New folder                           **From:** Brent Morris <bmorris@wimberlylawson.com>
                                        **Sent:** Friday, May 22, 2020 9:12 AM
∨ Groups                                **To:** Ron Washington <rhopministry@hotmail.com>
                                        **Subject:** RE: Notices of Deposition
   New group
                                        Pastor Washington,

                                        As to your request about further Qaina emails, I confirmed those don't exist.

                                        Can you give me a brief explanation as to why you need further information on the second floor?  We will not
                                        agree to provide any information as to sleeping rooms, as they don't have any relevance to your claim.  Let me
                                        understand what you are looking for and why, and I'll discuss with the client.

                                        **From:** Ron Washington <rhopministry@hotmail.com>
                                        **Sent:** Thursday, May 21, 2020 10:50 PM
                                        **To:** Brent Morris <bmorris@wimberlylawson.com>
                                        **Subject:** Re: Notices of Deposition

                                        Mr. Morris,

                                        I am following up with you on the requested information that I sent you about the rooms on the second
                                        floor. I stated I was giving you til 19th May, it is now two days over. This serves as a "good faith" attempt
                                        to get that request information from you. If I do not have the information by noon tomorrow I will be
                                        forced to file a Motion to Compel Discovery

                                        Thanks

                                        Sent from Outlook

                                        ────────────────────────────────────────────────────────
                                        **From:** Brent Morris <bmorris@wimberlylawson.com>
                                        **Sent:** Wednesday, May 20, 2020 9:37 PM
                                        **To:** Ron Washington <rhopministry@hotmail.com>
                                        **Subject:** Re: Notices of Deposition

                                        I'm no good next week which is why I joined the motion to extend. The time was too tight. I would be surprised if
                                        she doesn't grant it quickly. They tend to be fine with joint motions like that so long as it doesn't mess with the
                                        trial date. We should be fine.

                                        Get Outlook for Android
                                        ────────────────────────────────────────────────────────
                                        **From:** Ron Washington <rhopministry@hotmail.com>
                                        **Sent:** Wednesday, May 20, 2020 9:33:48 PM
                                        **To:** Brent Morris <bmorris@wimberlylawson.com>
                                        **Subject:** Re: Notices of Deposition

                                        Mr. Morris,

https://outlook.live.com/mail/0/sentitems/id/AQMkADAwATY0MDABLWQ1MDQtMThlOS0wMAItMDAKAEYAAAP3cgPw7tc7Rbsd9ayatxagBwDccP3Z...    1/1



# RIVERVIEW INN

50 College Street, Clarksville, TN 37040  T: 931-552-3331  F: 931-647-5005
www.theriverviewinn.com

Restoration House of Praise
United States

| | |
|---|---|
| Room No. | : 9210 |
| Arrival | : 10-15-17 |
| Departure | : 10-15-17 |

INFORMATION INVOICE

| | |
|---|---|
| PO/IHotel Number | : |
| Page No. | : 1 of 1 |
| Folio No. | : 67830 |
| Conf. No. | : 11115750 |
| Cashier No. | : 39 |
| User ID | : JAYMEE |

| | |
|---|---|
| Membership No | : |
| A/R Number | : |
| Group Code | : |
| Company Name | : |

Thank You For Staying With Us

| Date | Text | Charges USD | Credits USD |
|---|---|---|---|
| 10-15-17 | Deposit cash for 10/15/17 | | 60.00 |
| 10-15-17 | Banquet Room Charge | 50.00 | |
| 10-15-17 | Banquet Service Charge | 10.00 | |
| | **Total Balance** | | 0.00 |

Guest Signature_____

Exhibit 01



tabbies

EXHIBIT
4