UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RON WASHINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>RIVERVIEW HOTEL, INC.,<br><br>    Defendant. | Case No. 3:19-cv-00097<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

Pro se Plaintiff Ron Washington alleges that Defendant Riverview Hotel, Inc., violated his rights under federal and state law because it refused to rent him a conference room on the hotel's second floor in December 2017 on account of his gender, race, and religion. (Doc. No. 20.) Washington has filed a motion to compel discovery under Federal Rule of Civil Procedure 37(a)(3)(B), requesting that the Court order Riverview to provide complete responses to certain discovery requests within ten days. (Doc. No. 42.) Riverview filed a response in opposition (Doc. No. 52), Washington filed a reply (Doc. No. 57) and a supplemental memorandum (Doc. No. 74), and Riverview filed a surreply with the Court's leave (Doc. No. 80). Washington has also filed a motion to amend the scheduling order, arguing that, if the Court grants his motion to compel, he will need additional time to complete discovery. (Doc. No. 75).

For the reasons that follow, Washington's motion to compel (Doc. No. 42) and motion to amend the scheduling order (Doc. No. 75) will be denied.

**I.    Background**

In the operative amended complaint, Washington alleges that, on December 21, 2017, Riverview declined to renew his contract for a conference room on the second floor of the hotel

that Washington had been using to host church services. (Doc. No. 20.) A Riverview employee told Washington that the hotel would begin renovating the second floor in 2018 and holding services there would no longer be possible. (*Id.*) However, "on the same day that [Washington] was told there was no space available to be rented[,]" "a 'women['s] group' was offered a space to rent . . . ." (*Id.* at PageID# 123.) Washington also learned that guests were allowed to stay in the three sleeping rooms on the second floor in early 2018. (Doc. No. 20.)

After Washington filed a discrimination complaint with the Tennessee Human Rights Commission (THRC), Riverview's explanation of its decision to terminate Washington's contract changed. (*Id.*) In a September 21, 2018 letter addressed to the THRC investigator, Riverview stated that it had "decided not to renew [Washington's] contract 'based on legitimate business concerns[.]'" (*Id.* at PageID# 126.) Specifically, Riverview accused Washington of being "combative, argumentative, rude to front desk clerks, harassing and unreasonable, [and] . . . past due [on his] balance . . . ." (*Id.*) Washington alleges that Riverview discriminated against him on the basis of his race, sex, and religion in violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq., Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 et seq. (Doc. No. 20.) Washington also asserts that Riverview is liable for common law negligence. (*Id.*)

After Riverview answered Washington's amended complaint (Doc. No. 21), Washington filed a motion for summary judgment (Doc. No. 26). Washington argues that he is a member of a protected class and should have been able to enjoy the services Riverview offered to others. (Doc. No. 27.) Specifically, Washington argues that Riverview's "discriminatory motive . . . can be inferred from differences in the treatment of" him and the women's group that was offered a conference room during the alleged renovation. (*Id.* at PageID# 213.)

Riverview responded in opposition to Washington's motion for summary judgment. (Doc. No. 34.) Riverview argues that it decided not to renew Washington's contract because of his difficult behavior. (*Id.*) However, "[r]ather than tell [Washington] the real reasons for not renewing his room lease, which might [have] provoke[d] an angry response from him, given his prior behavior, it was decided to provide [him] other reasons about non-renewing, including untrue reasons about space availability." (*Id.* at PageID# 283.) Riverview argues that Washington cannot show that Riverview discriminated against him on the basis of race, sex, or religion because it continued to rent space to churches led by African-American males after terminating Washington's contract. (Doc. No. 34.)

On May 22, 2020, Washington filed a motion to compel discovery under Federal Rule of Civil Procedure 37. (Doc. No. 42.) Washington's motion addresses: (1) Riverview's failure to adequately produce contact information for its witnesses; (2) Riverview's response to a request for admission regarding its motivation for terminating Washington's contract; (3) Riverview's refusal to produce certain information about rentals of its rooms; and (4) Riverview's failure to produce a copy of its investigation into Washington's allegations of discrimination. (Doc. No. 43.) Riverview responded in opposition to Washington's motion (Doc. No. 52), Washington filed a reply (Doc. No. 57), and Riverview filed a surreply with the Court's leave (Doc. Nos. 79, 80).[1] Finally, Washington filed a motion to amend the scheduling order to extend the July 1, 2020 discovery deadline, arguing that he will need additional time to conduct discovery if his motion to compel is granted. (Doc. No. 75.)

---

[1] Washington also filed a supplement to his reply, which is identical to the original document. (Doc. No. 74).

## II. Legal Standard

"[T]he scope of discovery is within the sound discretion of the trial court[.]" *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (first alteration in original) (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)). Generally, Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevant evidence in this context is that which "'has any tendency to make a fact more or less probable than it would be without the evidence,' if 'the fact is of consequence in determining the action.'" *Grae v. Corr. Corp. of Am.*, 326 F.R.D. 482, 485 (M.D. Tenn. 2018) (quoting Fed. R. Evid. 401). The party moving to compel discovery bears the initial burden of proving the relevance of the information sought. *See Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment ("A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them."). A motion to compel discovery may be filed in a number of circumstances, including when "a party fails to answer an interrogatory submitted under Rule 33[,]" or "produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). "[A]n evasive or incomplete disclosure, answer, or response" is considered "a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "The court will only grant [a motion to compel], however, if the movant actually has a right to the discovery requested." *Grae*, 326 F.R.D. at 485.

## III. Analysis

### A. Washington's Motion to Compel

Washington's motion to compel addresses: (1) Riverview's alleged failure to produce contact information for the witnesses it plans to rely on in this action; (2) Riverview's response to

4

a request for admission regarding the reason that it terminated Washington's contract; (3) Riverview's response to Washington's request for production of information regarding the hotel's rental history; and (4) Riverview's response to Washington's request for production of a copy of its investigation into Washington's allegations of discrimination. (Doc. No. 42.) For the reasons offered below, Washington's motion to compel will be denied.

### 1. Witness Contact Information

In his request for production of documents, Washington asked Riverview to "produce and provide the full name, address, email address and phone number for 'all' witness[es] that [Riverview] has or plan[s] to use[.]" (Doc. No. 43-1, PageID# 355.) Riverview provided the following response to Washington's request:

> Objection. This request is actually an interrogatory, and [Washington] has propounded more than 25 interrogatories. Subject to and without waiving such objection, [Riverview] identifies Miles Barger, Alma Adams, Damien Cagle, Roxanne Jordan, Qaina Watson, Jaymee Vickrey, Leslie Capps, Ruby Magana, Charlsie Hand and Brandy Schnieder, who can all be contacted through Riverview Inn's attorney.

(*Id.* at PageID# 357.) Riverview also provided the phone number of Jim Potter, the treasurer of Grace Bible Church, and Carl Pelt, the pastor of Clarksville Church of God in Christ. (Doc. No. 43-1.) Washington argues that Riverview's response is inadequate because Riverview never provided email addresses for any of its witnesses and because, as of June 9, 2020, it had not provided contact information for Adams, Cagle, Magana, Hand, or Schnieder. (Doc. No. 57.)

Washington's request to compel production of the requested contact information is without merit. During the discovery conference with the parties on June 15, 2020, Washington represented that he had been able to contact all witnesses through Riverview's counsel. Further, Riverview has represented that it does not have personal email addresses for its witnesses. Accordingly,

Washington's motion to compel Riverview to produce additional contact information for its witnesses will be denied.

### 2. Admission Regarding Contract Termination

In a request for admissions, Washington asked Charlsie Hand to "[a]dmit that the reason [Washington] was not allowed to renew his contract with Riverview on the second floor was because the second floor was being renovated start[ing] [January 1,] 2018 and 'no guest' had access to the second floor starting [January 1,] 2018[.]" (Doc. No. 43-1, PageID# 360.) Riverview responded with a denial. (Doc. No. 43-1.) As Riverview points out (Doc. No. 52), in Washington's motion to compel, he does not explain why Riverview's denial in response to his request for admission is inadequate, and it is not clear what relief Washington seeks. Accordingly, Washington's motion to compel concerning Riverview's response to this request for admission will be denied.[2]

### 3. Information Regarding Rooms Rented Between January and September 2018

In his request for production of documents, Washington asked Riverview to "produce a copy of 'all' hotel rooms rented out to guest[s] from [January 1,] 2018 [to] [September 30,] 2018," including the "name, dates, floors of each room that was rented, [and] check[-]in [and check-out] time[s.]" (Doc. No. 43-1, PageID# 370.) Riverview responded with the following objection: "this request . . . is overly broad, vague, overly burdensome and not reasonably calculated to lead to the discovery of relevant information." (Doc. No. 43-1, PageID# 374.) After significant email

---

[2] To the extent that Washington has moved to determine the sufficiency of Riverview's answer under Federal Rule of Civil Procedure 36(a)(6), the Court finds that Riverview's answer was proper. *See* Fed. R. Civ. P. 36(a)(6) (providing that the party requesting an admission "may move to determine the sufficiency of an answer or objection"). When "a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). Riverview's answer is a specific denial that complies with Rule 36.

correspondence regarding this request, "in the spirit of cooperation," Riverview produced "a list of events and rooms for Sundays in 2018," stating that such information was "potentially relevant to [Washington's] claims." (*Id.* at PageID# 381.)

Washington has failed to explain how the additional discovery he seeks is relevant. Washington's discrimination claims concern termination of a contract to rent a conference room on Riverview's second floor for the purpose of holding church services. To prevail on these claims, Washington will have to provide direct evidence of discrimination, or create an inference of discrimination by showing that similarly situated hotel patrons, who are not members of a protected class, were granted access to the services he was denied. *See Keck v. Graham Hotel Sys., Inc.*, 566 F.3d 634, 639 (6th Cir. 2009) (holding that an inference of discrimination can arise under 42 U.S.C. § 1981 "where a plaintiff is deprived of services 'while similarly situated persons outside the protected class were not'" (quoting *Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 872 (6th Cir. 2001))); *Fall v. LA Fitness*, 161 F. Supp. 3d 601, 606 (S.D. Ohio 2016) (finding that, to prevail on a Title II claim, a plaintiff must show that "he was treated less favorably than similarly situated persons who are not members of the protected class"); *Harper v. BP Expl. & Oil Co.*, 896 F. Supp. 743, 747 (M.D. Tenn. 1995) (concluding "that the THRA is to be analyzed in the same fashion as claims under the [federal] Civil Rights Acts"), *aff'd and remanded sub nom. Harper v. BP Expl. & Oil, Inc.*, 134 F.3d 371 (6th Cir. 1998).Washington does not adequately respond to Riverview's argument that his request for production is overbroad because it covers "[s]leeping rooms for hotel guests[,]" which "are not similar to meeting rooms available for rent" (Doc. No. 52, PageID# 421), nor does he explain why rental information from other floors has any bearing on his claims.

7
Case 3:19-cv-00097   Document 81   Filed 07/09/20   Page 7 of 9 PageID #: 556

Washington effectively concedes that his original request was overbroad by focusing his motion to compel on rental information from the second floor alone. Riverview has provided a list of events held and conference rooms that were available on Sundays during 2018, which would constitute comparator evidence relevant to Washington's claim. Riverview has also conceded that the renovation was not the actual reason that it terminated Washington's contract. It is not clear how the additional detail concerning the rental of sleeping rooms Washington seeks would provide non-duplicative information relevant to his claims. Washington's motion to compel production of that information will be denied.

### 4. Riverview's Investigation

Washington's request for production of documents asked Riverview to "produce a copy of the investigation showing that [Riverview] contacted [Washington] during the investigation of the allegations of discrimination[.]" (Doc. No. 43-1, PageID# 372.) Riverview responded that "[n]o documents in [its] possession, custody[,] or control are responsive to this request." (Doc. No. 43-1, PageID# 376.) Washington's reply does not address Riverview's response. Because the Court cannot order Riverview to produce a document that it does not have, Washington's motion to compel Riverview to produce a copy of its investigation will be denied. *See Rucker v. Lindamood*, No. 1:16-cv-00090, 2018 WL 1522402, at *3 (M.D. Tenn. Mar. 28, 2018) (finding that the court could not "compel Defendants to produce 'items that [they did] not have or that d[id] not exist'" (quoting *Allison v. Mavic, Inc.*, No. 5:13-CV-180, 2014 WL 12650099, at *3 (E.D. Ky. Oct. 30, 2014))).

### B. Washington's Motion to Amend the Scheduling Order

Washington argues that the scheduling order should be amended to extend the discovery deadline because, "if the [C]ourt grants [his] motion to compel, [he] will need more time to contact the guests/witness[es] that were on the second floor [of] Riverview Inn, . . . more fact finding

8

Case 3:19-cv-00097 Document 81 Filed 07/09/20 Page 8 of 9 PageID #: 557

information for the guest[s] on the second floor of the hotel, . . . [and] more time to conduct depositions for potential witness[es] that were on the second floor [of] the hotel." (Doc. No. 75, PageID# 538.) Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Because Washington's motion to compel will be denied, he has failed to show that there is good cause to extend the discovery deadline, and therefore his motion to amend the scheduling order will also be denied.

**IV.    Conclusion**

For the foregoing reasons, Washington's motion to compel (Doc. No. 42) and his motion to amend the scheduling order (Doc. No. 75) are DENIED.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge