UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RON WASHINGTON,

    Plaintiff,

v.

RIVERVIEW HOTEL, INC.,

    Defendant.

Case No. 3:19-cv-00097

Chief Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Alistair E. Newbern

## MEMORANDUM ORDER

Pro se Plaintiff Ron Washington has filed a motion to ascertain the status (Doc. No. 124) of six motions currently pending in this case: (1) Washington's motion to compel mediation (Doc. No. 91); (2) Washington's motion requesting a status conference (Doc. No. 92); (3) Washington's amended motion for summary judgment (Doc. No. 100); (4) Washington's motion to strike Defendant Riverview Hotel, Inc.'s proposed evidence and responses to Washington's statement of undisputed material facts (Doc. No. 117); (5) Riverview's motion for summary judgment (Doc. No. 99); and (6) Washington's motion to strike declarations by Riverview employees Leslie Capps, Ruby Magana, and Qaina Watson (Doc. No. 122). Washington's motion to ascertain status (Doc. No. 124) is GRANTED. The status of the case is as follows.

**I.    Washington's Motion to Compel Mediation**

On August 11, 2020, Washington filed a motion to compel mediation.[1] (Doc. No. 91.) Riverview responded on August 20, 2020, and argued that, considering the parties' previously

---

[1] Washington erroneously moved to compel mediation under Tennessee Supreme Court Rule 31. (Doc. No. 91.) Because this case is currently proceeding in federal district court, mediation procedures are governed by Local Rules 16.02 through 16.05. M.D. Tenn. R. 16.02-

unsuccessful attempts at resolution, "a compelled mediation will be a costly and futile exercise." (Doc. No. 94, PageID# 1247.) On August 21, 2020, Washington filed a motion for leave to file a surreply (Doc. No. 95) and a proposed surreply (Doc. No. 95-1), which the Court construed as Washington's reply (Doc. No. 96) and which was docketed as such (Doc. Nos. 97, 98). Washington asserts that past attempts at mediation were unsuccessful because they occurred "in the 'initial phase' of this case before all evidence of this case was established and discovery was completed[,]" and because Washington believes that Riverview's previous settlement offers were not realistic or made in good faith. (Doc. No. 98, PageID# 1266.) Washington argues that a court-ordered mediation with a neutral, third-party mediator will have a greater likelihood of success than the parties' previous settlement negotiations. (Doc. No. 98.)

The Court strongly encourages the parties to engage in alternative dispute resolution and to consider mediation. However, Washington's motion to compel mediation (Doc. No. 91) will be denied without prejudice to refiling at this time.

## II. Washington's Motion Requesting a Status Conference

On the same day that he moved to compel mediation, Washington filed a motion requesting "a status conference to prepare to retain an attorney . . . so he can effectively prepare for trial as scheduled." (Doc. No. 92, PageID# 1235.) Washington states that Riverview's "counsel does not object to the [requested] status conference" (*id.* at PageID# 1234), and Riverview has not filed a response in opposition. Because the Court has granted Washington's subsequently filed motion to ascertain status, and because this Order addresses the status of all pending motions in Washington's case, the Court finds that a status conference is not necessary. Washington's motion

---

16.05. Washington is advised to review the Federal Rules of Civil Procedure and this Court's Local Rules before filing any future motions in this case.

for a status conference (Doc. No. 92) will be denied. Washington may seek representation independently and counsel may enter an appearance on his behalf at any time.

**III.     Washington's Amended Motion for Summary Judgment and Motion to Strike Riverview's Proposed Evidence and Responses to Washington's Statement of Undisputed Material Facts**

Washington filed an amended motion for summary judgment[2] on August 27, 2020 (Doc. No. 100). On August 28, 2020, Washington filed a supporting memorandum (Doc. No. 101), evidentiary exhibits (Doc. Nos. 101-1–101-8), and a statement of undisputed material facts (Doc No. 103). On September 24, 2020, Riverview filed a response in opposition (Doc. No. 109) and a response to Washington's statement of undisputed material facts (Doc. No. 110) with accompanying evidentiary exhibits (Doc. Nos. 110-1–110-3). On October 7, 2020, Washington filed a reply (Doc. No. 119) and a separate reply to Riverview's response to the statement of undisputed material facts. (Doc. No. 120).

On October 2, 2020, Washington filed a motion to strike the proposed evidence that Riverview cited in support of its responses to Washington's statement of undisputed material facts (Doc. No. 117). On October 13, 2020, Riverview filed a response in opposition. (Doc. No. 121.) Washington filed a reply on October 14, 2020. (Doc. No. 123.) Washington's motion to strike proposed evidence (Doc No. 117) will be considered in conjunction with the related amended motion for summary judgment (Doc. No. 100). Both motions are fully briefed and will be addressed at the Court's earliest opportunity.

---

[2]     On August 18, 2020, the Court administratively terminated Washington's first motion for summary judgment and accompanying filings, finding that they did not comply with the Local Rules governing summary judgment procedures. (Doc. No. 93.) The Court ordered Washington "to file an amended motion for summary judgment, along with all relevant supporting exhibits and one comprehensive statement of undisputed material facts, by August 30, 2020." (*Id.* at PageID# 1244–45.) Washington's amended motion for summary judgment (Doc. No. 100) was filed in response to that order.

**IV.     Riverview's Motion for Summary Judgment and Washington's Motion to Strike Declarations by Leslie Capps, Ruby Magana, and Qaina Watson**

On August 28, 2020, Riverview filed a motion for summary judgment (Doc. No. 99), supporting memorandum (Doc. No. 99-1), statement of undisputed material facts (Doc. No. 99-2), and accompanying evidentiary exhibits (Doc. Nos. 99-3–99-5). On September 24, 2020, Washington filed a response in opposition (Doc. Nos. 113, 114), supporting evidentiary exhibits (Doc. No. 114-1), and responses to Riverview's statement of undisputed material facts (Doc. No. 115). On October 8, 2020, Riverview submitted a reply (Doc. No. 118), and a separate reply to Washington's response to Riverview's statement of undisputed material facts (Doc. No. 118-1).

On October 14, 2020, Washington filed a motion to strike (Doc. No. 122) declarations by Riverview employees Leslie Capps, Ruby Magana, and Qaina Watson (Doc. Nos. 34-1–34-3), which Riverview cited in support of its motion for summary judgment (Doc. Nos. 99–99-2). On October 19, 2020, Riverview filed a response in opposition, which it served on Washington by e-mail and U.S. mail. (Doc. No. 125). Under Local Rule 7.01(a)(4) and Federal Rule of Civil Procedure 6(d), Washington has until October 29, 2020, to file an optional reply memorandum, not to exceed five pages. *See* M.D. Tenn. R. 7.01(a)(4) (reply) ("An optional reply memorandum may be filed within seven (7) days after service of the response, and shall not exceed five (5) pages without leave of Court."); Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a)."). After Washington's motion to strike (Doc. No. 122) is fully briefed, the Court will consider it in conjunction with Riverview's motion for summary judgment (Doc. No. 99).

## V. Conclusion

For these reasons, Washington's motion to compel mediation (Doc. No. 91) is DENIED WITHOUT PREJUDICE to refiling if case developments make it appropriate to do so. Washington's motion requesting a status conference (Doc. No. 92) is DENIED. The remaining motions discussed in this Order (Doc. Nos. 99, 100, 117, 122) will be decided at the earliest opportunity that the Court's crowded civil docket allows.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge